IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PARNALL LAW FIRM, LLC,

    Plaintiff,

      v.

BERT BROCK LAW LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-4995-TWT

## OPINION AND PRELIMINARY INJUNCTION ORDER

This is a trademark infringement action. It is before the Court on the Plaintiff Parnall Law Firm, LLC's Motion for a Preliminary Injunction [Doc. 3]. For the reasons that follow as well as those stated on the record at the January 3, 2025 hearing on the motion, the Plaintiff's Motion for a Preliminary Injunction [Doc. 3] is GRANTED.

### I.  Background

This case arose from the Defendant Bert Brock Law LLC's alleged infringement of the Plaintiff's trademark "HURT? CALL BERT." (the "HCB mark"). (Compl. ¶¶ 14-43). The Plaintiff is a New Mexico based law firm practicing personal injury law. (*Id.* ¶ 9). The Defendant is an Atlanta, Georgia based law firm that also practices personal injury law. (*Id.* ¶¶ 4-5, 27). Essentially, the Plaintiff alleges that at some point after it acquired exclusive rights to the HCB mark, the Defendant began using the phrases "IF YOU'RE HURT, CALL BERT" and "IF YOU'RE HURT… CALL BERT!" (the "infringing

marks") to market and advertise its personal injury law practice. (*Id.* ¶¶ 27-29). For example, the Plaintiff alleges that in October 2023, the Defendant acquired the domain name "www.ifyourehurtcallbert.com," which redirects users to the Defendant's website. (*Id.* ¶¶ 31-32). The Plaintiff also alleges that the Defendant displayed the infringing marks on its main website as well as on vehicle wraps and other internet advertising. (*Id.* ¶¶ 33-34). The Plaintiff contends that the Defendant's use of the infringing marks is likely to cause confusion and deception among the relevant consumer base, resulting in irreparable harm to the Plaintiff's goodwill in the HCB mark and the reputation of the Plaintiff's business. (*See*, *e.g.*, *id.* ¶¶ 38-39).

Based on these allegations, the Plaintiff filed the present action against the Defendant on October 31, 2024, asserting five counts: federal trademark infringement, in violation of 15 U.S.C. § 1114 (Count I); federal unfair competition, in violation of 15 U.S.C. § 1125(a) (Count II); Georgia unfair competition, in violation of O.C.G.A. § 23-2-55 (Count III); common law trademark infringement and unfair competition (Count IV); and a violation of the Georgia Uniform Deceptive Trade Practices Act under O.C.G.A. § 10-1-370 *et seq.* (Count V). (Compl. ¶¶ 44-75). The Plaintiff simultaneously moved for a preliminary injunction against the Defendant, asking the Court to enjoin the Defendant from further use of the infringing marks. [Doc. 3]. After a hearing, the Court granted the motion from the bench with this written order to follow.

2

[Doc. 15].

## II.  Legal Standards

"A party seeking a preliminary injunction bears the burden of establishing its entitlement to relief." *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). "To obtain such relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015). Importantly, a "preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *SunTrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001).

## III. Discussion

### A.  Likelihood of Success on the Merits

"To prevail on a trademark or service mark infringement claim, a plaintiff must show (1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion." *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.,* 122 F.3d 1379, 1382 (11th Cir.1997). As an initial matter, the Defendant does not dispute the HCB mark's priority and instead

only disputes the likelihood of confusion factor. The Court will begin its analysis there.

### i.    Likelihood of Consumer Confusion

To determine whether there is a likelihood of confusion between the HCB mark and the infringing marks, the Court must consider seven factors: "(1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion." *Id.* Type of mark and evidence of actual confusion carry the most weight, but the Court "must take into consideration the circumstances surrounding each particular case." *Id.* (quotation marks and citation omitted).

The type of mark determines its strength, and stronger marks are entitled to a greater scope of protection under federal trademark law. *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.3d 1330, 1335 (11th Cir. 1999). There are four categories, based on the relationship between the mark and the service or good it describes. *Id.* As relevant here, descriptive marks "describe a characteristic or quality of an article or service" while suggestive marks, which are stronger, "suggest characteristics of the goods and services and require an effort of the imagination by the consumer in order to be understood as descriptive." *Id.* (quotation marks and citations omitted). If a mark has been declared incontestable by the Patent & Trademark Office, its incontestability

4

enhances its strength. *Id.* Moreover, the Lanham Act prevents an incontestable mark from being challenged as merely descriptive. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 662-63 (1985).

The Defendant argues that the HCB mark is "at best descriptive," but the Plaintiff has presented unrefuted evidence that the HCB mark was declared incontestable as of February 11, 2016. (Pl.'s Mot. for Prelim. Inj., Ex. 3 at 12-24). Therefore, as the Court noted at the hearing, the HCB mark is at least suggestive because it requires the consumer to make an inference that the Plaintiff is in the business of providing legal services to those who have been injured. This suggestive classification coupled with the mark's incontestability warrants a finding that the mark is strong. *See Frehling Enters., Inc.*, 192 F.3d at 1335; *Park 'N Fly, Inc.*, 469 U.S. at 662-63. And in the Court's view, the Defendant's arguments regarding commercial strength do not overcome the presumption of strength that incontestable descriptive marks enjoy. *See FCOA LLC v. Foremost Title & Escrow Servs. LLC*, 57 F.4th 939, 949-50 (11th Cir. 2023).

The similarity factors also favor finding for the Plaintiff. The HCB mark and the infringing marks are extremely similar, as they use the same words with minor differences in punctuation and the addition of "if you're" in the infringing marks. Both parties are in the business of providing legal services and specifically practicing personal injury law, and both the HCB mark and

the infringing marks reflect the provision of this service. The parties also share

similarities with their customer bases. The fact that the Plaintiff is based in

New Mexico does not prevent the Plaintiff from representing Georgia clients;

for example, the Plaintiff could represent a Georgia plaintiff who was injured

driving on Route 66 or an interstate highway in New Mexico. The Plaintiff

could also represent Georgia plaintiffs who were injured in Georgia by

appearing pro hac vice with local counsel. And the Defendant could do the same

in New Mexico. Given the nationwide scope of protection over the HCB mark,

the distance between the parties' physical office locations does not carry much

weight. The parties' advertising media is also very similar—the Plaintiff and

the Defendant use the HCB mark and the infringing marks, respectively, on

their websites, both of which have reach beyond their home states. Contrary to

the Defendant's contentions otherwise, therefore, the parties do not "advertise

to mutually exclusive audiences." (*See* Def.'s Resp. in Opp. to Mot. for Prelim.

Inj., at 12).

The Plaintiff argues that the Defendant's continued use of the infringing

marks after receipt of the Plaintiff's cease and desist letters is evidence of the

Defendant's intent to infringe on the Plaintiff's trademark. (Pl.'s Mot. for

Prelim. J., at 20). While there is some case law supporting this theory, *see*

*Hi-Tech Pharms., Inc. v. Nutrition Res. Servs.*, Inc., 717 F.Supp.3d 1318, 1329

(N.D.Ga. 2024), the Court does not find this argument particularly persuasive.

There are other plausible reasons why the Defendant may have chosen to continue using the infringing marks, including its belief that its use was not unlawful. Moreover, as the Defendant points out, there is no evidence of actual confusion of the marks in the record. However, the weight of the other factors strongly favors a finding that the Plaintiff has established a likelihood of success on the merits as to its trademark infringement claims. *See GeorgiaCarry.Org, Inc.*, 788 F.3d at 1322.

Finally, the Defendant argued in its response that its use of the descriptive terms "hurt, call, and Bert" is protected by fair use. (Def.'s Resp. in Opp. to Pl.'s Mot. for Prelim. Inj., at 10). This argument is precluded by the Lanham Act, which requires (among other elements) that the use of the mark was made in a descriptive sense in order for the fair use defense to apply. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1363 (11th Cir. 2019). In *Hard Candy*, the Eleventh Circuit relied on its precedent describing the descriptive mark classification in explaining what it means to use a mark in the descriptive sense, noting that the use "identifies a characteristic or quality of an article or service as, for example, its color, odor, function, dimensions, or ingredients." *Id.* None of these factors accurately depicts the Defendant's use of the infringing marks to promote its business. As explained previously and on the record at the hearing, the Defendant's infringing marks are not used in the descriptive sense because the marks require an imaginative

7

inference to conclude that the Defendant is promoting legal services to those who have suffered a personal injury.

For all of these reasons as well as those stated on the record at the hearing, the Court finds that the Plaintiff has carried its burden of showing a likelihood of success on the merits as to its trademark infringement claims. *GeorgiaCarry.Org, Inc.*, 788 F.3d at 1322; *Scott*, 612 F.3d at 1290.

### B.  Irreparable Injury

On this second factor, the Lanham Act provides that "[a] plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a). The Defendant has not carried its burden of overcoming this presumption. "[G]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. Irreparable injury can also be based upon the possibility of confusion." *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005) (citations omitted)). As the Court has explained, there is ample possibility for consumer confusion between the HCB mark and the infringing marks in this case. Additionally, the Plaintiff submitted persuasive evidence as to the reputation and goodwill he has built around the HCB mark since its registration in 2009, and the Court finds that the likelihood of confusion

8

between the marks threatens the Plaintiff's control over its business reputation and goodwill. (*See, e.g.*, Pl.'s Mot. for Prelim. Inj., Ex. 2 ¶¶ 18-19; Ex. 4 at 5-36). Therefore, the Plaintiff has carried its burden of establishing that it will suffer irreparable injury if the Defendant's use of the infringing marks is not enjoined. *GeorgiaCarry.Org, Inc.*, 788 F.3d at 1322.

## C. Balance of the Equities and Public Interest

The Plaintiff has also established that the threatened injury outweighs the possible harm that the injunction may cause to the Defendant. While the Plaintiff stands to lose control over its reputation and goodwill due to the likelihood of confusion of the marks, the Defendant will suffer only minimal harm from refraining from using its infringing website domain name to redirect clients to its main website and from ceasing the use of marketing items branded with the infringing marks. The Court is not persuaded by the Defendant's unsupported affidavit averring that the cost to cease using the infringing marks would total $50,000. (Def.'s Resp. in Opp. to Mot. for Prelim. Inj., at 92). Finally, the public interest would be served by enjoining the Defendant from further use of the infringing marks in order to prevent consumer confusion in the personal injury legal services marketplace. *Davidoff & CIE, SA v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001). Accordingly, the Plaintiff has carried its burden of establishing these two factors as well. *GeorgiaCarry.Org, Inc.*, 788 F.3d at 1322.

### D. Bond under Rule 65

With limited justification, the Defendant requests the imposition of a $50,000 security bond pursuant to Fed. R. Civ. P. 65(c). Whether to require the movant to post a security bond before issuing a preliminary injunction is a matter within the sound discretion of the district court. *BellSouth Telecommunication, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Given the strong likelihood of the Plaintiff's success on the merits as to its trademark infringement claims, and the minimal harm the Defendant will suffer in its efforts to cease using the infringing marks, the Court finds a bond under Rule 65(c) to be unnecessary.

### IV. Conclusion

For the foregoing reasons as well as those stated on the record at the January 3, 2025 hearing on the motion, the Plaintiff's Motion for a Preliminary Injunction [Doc. 3] is GRANTED. The Defendant shall be ENJOINED from any further use of the phrases "IF YOU'RE HURT, CALL BERT" and "IF YOU'RE HURT . . . CALL BERT!", or any similar phrases that infringe upon the HCB mark beginning February 10, 2025 until further order of the Court. The Court is staying the effective date of this Order by 30 days to give the parties an opportunity to resolve the case by settlement.

SO ORDERED, this ____10th____ day of January, 2025.

THOMAS W. THRASH, JR.
United States District Judge